MOUNTAIN MANAGEMENT CORP., A NEW JERSEY
CORPORATION, PLAINTIFF, v. OLLEN B.
HINNANT, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided November 16, 1984.

130

*Alain Leibman* for plaintiff (*Greenbaum, Greenbaum, Rowe, Smith, Bergstein, Yohalem & Bruck,* attorneys).

*Walter R. Cohn* for defendant.

HIGGINS CASS, J.S.C.

This case raises the issue of the proper interpretation of *N.J.S.A.* 2A:18–61.11(c) and whether the tenant of an apartment converted to a condominium who has been given a one-year stay after a judgment of possession is entitled to a second one-year stay where the landlord has failed to offer comparable housing to the tenant during that one year but instead has given hardship relocation compensation to the tenant of a waiver of five months' rent during that period. The matter came before me on order to show cause and this opinion articulates the reasons for my ruling of November 16, 1984, denying the tenant a second one year stay.

In or about May 1979, defendant, Ollen B. Hinnant, rented Unit 215 in Claridge House One, Verona, New Jersey. He currently pays $659.00 a month for his rent-controlled apartment. In December 1979, plaintiff's predecessor in interest gave notice of its intention to convert the premises to condominiums by serving defendant with the requisite notices, including a three-year notice to quit under *N.J.S.A.* 2A:18–61.2(g) and a notice advising defendant of his right to purchase the condominium unit under *N.J.S.A.* 2A:18–61.8. Defendant did not choose to purchase his unit but did request comparable housing

in accordance with *N.J.S.A.* 2A:18–61.11(a). In or about June 1983, plaintiff brought a dispossess action against him pursuant to *N.J.S.A.* 2A:18–61.1(k), which permits eviction of tenants from rented residential premises converted to condominiums.

After hearing the dispossess proceedings I entered judgment for possession in favor of plaintiff on September 30, 1983. However, pursuant to *N.J.S.A.* 2A:18–61.11, I stayed the issuance of the warrant for eviction for one year from that date because plaintiff had not complied with defendant's earlier request to offer him comparable housing. On or about March 26, 1984, plaintiff notified defendant that in lieu of providing such housing, it had elected to provide defendant with hardship relocation compensation of waiver of payment of five months' rent as permitted by *N.J.S.A.* 2A:18–61.11(c). Plaintiff also informed defendant that he would be required to vacate the premises by September 30, 1984.

On or about May 29, 1984, defendant notified plaintiff of his intention to seek an additional hardship stay as a result of plaintiff's failure to provide comparable housing. In addition, defendant also tendered a check in the amount of $1,977 representing unpaid rent for April, May and June 1984. Plaintiff refused to accept the check and reiterated its insistence that defendant vacate the premises no later than September 30, 1984.

When a dispossess action is based upon the ground that the building has been converted to a condominium, the landlord must make written demand and give written notice for delivery of possession of the premises three years prior to the institution of the dispossess proceedings. *N.J.S.A.* 2A:18–61.2(g). In addition, sixty days prior to giving the notice to quit and demand for possession, the landlord must serve notice of its intention to convert and advise the tenant of his right to purchase the unit. *N.J.S.A.* 2A:18–61.8.

*N.J.S.A.* 2A:18–61.11(a) provides that within eighteen months after receipt of a notice to quit and demand for possession, the tenant may request the rental of comparable housing. In such

case the landlord must subsequently offer to the tenant the rental of comparable housing and a reasonable opportunity to examine and rent such housing. *Ibid.* In any action brought pursuant to *N.J.S.A.* 2A:18–61.1(k) the court shall authorize one-year stays of eviction, with reasonable rent increases, until satisfied that adequate offers have been made. *N.J.S.A.* 2A:18–61.11(b). The one-year stay shall be automatically renewed if the landlord fails to prove to the court the making of such offer within the previous year, but no more than five stays shall be granted. *Ibid.* However, after one such stay has been granted, the court shall not authorize any further stays where the owner has also provided a tenant with hardship relocation compensation of waiver of five months' rent. *N.J.S.A.* 2A:18–61.11(c).

In the present case plaintiff failed to offer comparable housing to the defendant. Indeed its efforts to locate such housing were feeble at best. Plaintiff subsequently elected to provide defendant with hardship relocation compensation of waiver of payment of five months' rent during the first one-year stay. Plaintiff contends that after the first one-year stay has been granted, the landlord has an election of tendering compensation in lieu of comparable housing. Defendant claims that the Legislature did not create an alternative means for landlords to regain possession after the first stay but requires both a tendering of the comparable housing and "also" the waiver of the five months' rent.

Although there is no case law specifically on point, the mandate of *N.J.S.A.* 2A:18–61.11 is clear in providing landlords with an election after the imposition of the first one-year stay to waive payment of five months' rent. *Accord Plaza Joint Venture v. City of Atlantic City,* 174 *N.J.Super.* 231 (App.Div. 1980). This position is supported by the legislative history of the 1975 amendments to the Anti-Eviction Act and the regulations promulgated under it.

The statement to the New Jersey Assembly regarding clarification of the Anti-Eviction Act indicates that the landlord has

an election of waiving rent in lieu of comparable housing. *See* Statement to *Assembly Bill* 3570 (1975). The statement analyzes the proper procedures for eviction when a building is converted from the rental market to a condominium or cooperative. In this case, no tenant shall be removed unless:

(4) The landlord offers to the tenant, at the request of the tenant made within 18 months after receipt of the notice of eviction ... the rental of comparable housing and a reasonable opportunity to examine and rent such housing ... the court shall authorize one-year stays of eviction, with reasonable rent increases, until satisfied that adequate offers have been made and a one-year stay shall be automatic if the landlord fails to allege the making of such offer within the previous year, but no more than five stays shall be granted; *provided, however, that no more than one stay may be granted if the owner provides the tenant with hardship relocation compensation in the form of a waiver of payment of five months' rent....* [Emphasis supplied]

The language in the statement, in particular the term "provided, however," establishes clearly the Legislature's intent that no more than one stay may be granted if the landlord provides hardship relocation compensation.

 Pursuant to *N.J.S.A.* 2A:18–61.12, The Department of Community Affairs (hereinafter DCA) is authorized to adopt rules and regulations governing the conversion of rental units to condominiums and cooperatives. *See N.J.A.C.* 5:24–1.1 *et seq.* The applicable regulation adopted by the DCA is set forth in *N.J.A.C.* 5:24–1.7 and provides as follows:

... (b) The court has authority under this act to authorize one year stays of eviction with reasonable rent increases until the court is satisfied that the tenant has been offered comparable housing and a reasonable opportunity to examine and rent such housing.

(c) *If, after at least one year stay has been authorized, the owner provides the tenant with a "hardship relocation compensation" which shall consist of a waiver of payment of five months' rent and has demonstrated this to the court, then the court cannot authorize any further stays. A warrant for possession could then issue at the end of the one year stay.*

(d) If the owner does not provide the relocation compensation of five months' rent, and fails to within one year stay, allege to the court that the tenant was offered a reasonable opportunity to examine and rent comparable housing, the court shall automatically renew the one year stay.

(e) *The court can grant five one-year stays of [sic] evidence is not provided to the court of a reasonable opportunity to examine and rent comparable housing or of the payment of a hardship relocation compensation of waiver of payment of five months' rent."* [Emphasis supplied]

■ The language in *N.J.A.C.* 5:24–1.7(c) and (e) is clear that after the imposition of the first one-year stay, the owner may offer the tenant comparable housing or, in the alternative, waive payment of five months' rent. If the owner chooses the latter option, then the court cannot authorize any further stays.

Defendant argues, however, that by the inclusion of the word "also" in *N.J.S.A.* 2A:18–61.11(c)[1] the Legislature intended to condition a landlord's right to avail itself of the hardship relocation compensation alternative upon satisfactory compliance with its affirmative obligations set forth in *N.J.S.A.* 2A:18–61.11(a) and (b). Defendant contends that to permit the landlord to regain possession of the condominium unit merely by waiving payment of five months' rent would defeat the Legislature's declaration set forth in sub-sections (a) and (b) which require the landlord to establish that efforts were made to offer the tenant comparable housing.

The sessions laws of 1975, chapter 311, §§ 7–8 support the view that the use of the word "also" in § 8 (now *N.J.S.A.* 2A:18–61.11(c)) is to be read in conjunction with the language of § 7 (now *N.J.S.A.* 2A:18–61.10) setting forth the landlord's statutory obligation to provide moving expense compensation of waiver of one month's rent in all such cases.

Defendant contends that the landlord's willful and unjustifiable refusal to attempt to provide defendant with comparable housing justifies the court in invoking the doctrine of unclean hands. Consequently, defendant submits that the court should refuse to award judicial relief to plaintiff.

■■ Courts must apply the clean hands doctrine with just discretion, *Goodwin Motor Corp. v. Mercedes-Benz of North*

---

[1]*N.J.S.A.* 2A:18–61.11(c) reads as follows:

However, the court shall not authorize any further stays at any time after one such stay has been authorized when the owner has *also* provided the tenant with hardship relocation compensation of waiver of payment of five months' rent.

*America, Inc.* 172 *N.J.Super.* 263, 271 (App.Div.1980), and not exercise their equitable powers arbitrarily. The unclean hands doctrine is not therefore applicable, absent bad faith, fraud or unconscionable acts. *Ibid.*

The landlord's willful refusal to attempt to provide defendant with comparable housing in this case does not justify the application of the unclean hands doctrine. An affidavit of Kathryn Curry, a licensed real estate broker, submitted in support of defendant's application for an order to show cause, speaks of the Claridge House apartment as "unique" and that there are no premises comparable to it in Essex County. This is undisputed. The courts cannot require the landlord to futilely search for comparable housing because equity cannot countenance the ordering of an impossible act. *Fiedler, Inc. v. Coast Finance Co., Inc.,* 129 *N.J.Eq.* 161, 169 (E. & A.1940); *Bonnet v. State,* 141 *N.J.Super.* 177, 274 (Law Div.1976), aff'd 155 *N.J.Super.* 520 (App.Div.1978).

There is no evidence of bad faith, fraud or unconscionable acts here and the unclean hands doctrine shall not be invoked.

Defendant's final argument is that the Anti-Eviction Act is unconstitutional because it contains no provision requiring notice by the landlord to the tenant of the landlord's intention to pay hardship relocation compensation. Defendant claims that the act denies a tenant's constitutional right of prior notice that the landlord intends to avail itself of the hardship relocation compensation alternative, thereby preventing the tenant from obtaining an additional hardship stay. Furthermore, defendant suggests that no provision in the Anti-Eviction Act prevents a landlord from advising the tenant on the last day prior to the expiration of the initial stay that the tenant will be precluded from obtaining additional stays since the landlord is then tendering five months' rent.

The words "when the owner has also provided a tenant with hardship relocation compensation of waiver of payment of five months' rent" are capable of only one meaning. Waiver is generally defined as an intentional relinquishment of a known

right. *Jasontown Apartments v. Lynch*, 155 *N.J.Super.* 254, 259 (App.Div.1978). To be effective, the waiver of payment of five months' rent, as provided in *N.J.S.A.* 2A:18–61.11, must be given prior to payment being made of the rent. Thus the tenant actually receives notice, at least five months prior to the eviction of the landlord's election.[2]

When interpreting ambiguous language in a statutory provision, it is the spirit and the policy of the statute which evinces the Legislature's intention. *Caputo v. Best Foods*, 17 *N.J.* 259, 264 (1955). As the spirit and policy behind *N.J.S.A.* 2A:18–61.11 is to provide a landlord with an alternative to offering comparable housing to defendant, see *N.J.A.C.* 5:24–1.‑7(c), it is the proper function of the judiciary to give effect to the obvious purpose of the Legislature. Certainly permitting a landlord to exercise his election during the first one-year stay, gives effect to that purpose. I find no constitutional infirmity in the procedure set forth in *N.J.S.A.* 2A:18–61.11(c).

---

[2]But see *N.J.S.A.* 2A:18–61.16 where, in reference to persons in Atlantic City who are being removed from rental premises because of demolition or conversion, the Legislature, in allowing a similar waiver of rent, requires both notice in writing and payment of the specified amount to accompany the notice.