201 N.J. Super. 45 (1985)
492 A.2d 693
MOUNTAIN MANAGEMENT CORP., PLAINTIFF-RESPONDENT,
v.
OLLEN B. HINNANT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 1, 1985.
Decided May 1, 1985.
*47 Before Judges KING, DEIGHAN and BILDER.
Walter R. Cohn, for appellant (Michael T. Shivietz, on the brief).
Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein, for respondent (Alain Leibman, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
The issue raised by this appeal is whether N.J.S.A. 2A:18-61.11c requires the owner of a condominium to continue to seek comparable housing for a tenant after the first one-year stay of eviction pursuant to N.J.S.A. 2A:18-61.11a where the owner provides the tenant with a hardship relocation waiver of payment of five months' rent.
Defendant Ollen B. Hinnant is the tenant in a rent-controlled apartment now owned by plaintiff Mountain Management Corporation. After the commencement of defendant's occupancy, the apartment was converted to a condominium. The relevant facts are uncontested. Defendant received notice of plaintiff's intention to convert including a three-year notice to quit, N.J.S.A. 2A:18-61.2g, and notice of his right to purchase the condominium unit. N.J.S.A. 2A:18-61.8. Defendant chose not to purchase the apartment but instead, within the requisite 18 months, requested comparable housing. N.J.S.A. 2A:18-61.11. No such comparable housing has been offered to defendant and *48 for the purposes of this appeal it may be assumed no responsible effort was made by plaintiff to do so.[1]
In June 1983 plaintiff brought a dispossess action against defendant grounded upon its conversion of the apartment unit from the rental market to condominium ownership. N.J.S.A. 2A:18-61.1k. On September 30, 1983, judgment for possession was entered but eviction was stayed for one year because the defendant had not been offered the comparable housing he requested. N.J.S.A. 2A:18-61.11a.
In March 1984 plaintiff notified defendant that it was waiving one month's rent as moving expense compensation, N.J.S.A. 2A:18-61.10, and also five months' rent as hardship relocation compensation, N.J.S.A. 2A:18-61.11c. Defendant was also notified plaintiff would seek to obtain possession of the unit September 30, 1984. Rent checks tendered by defendant were thereafter refused by plaintiff.
In the proceeding below, plaintiff sought execution of the prior judgment of possession; defendant sought an additional one-year stay. Defendant appeals from the dissolution of a stay of execution of a Warrant of Removal and the failure of the court to grant an additional one-year stay. We granted a stay on appeal conditioned on defendant's payment of such increased rent as is authorized by the applicable rent control ordinance.
N.J.S.A. 2A:18-61.11, as applicable to this controversy, provides as follows:

a. Tenants receiving notice under section 3 g. of P.L. 1974, c. 49 may request of the landlord within 18 full months after receipt of such notice, and the landlord shall offer to the tenant, personally or through an agent, the rental of comparable housing or park site and a reasonable opportunity to examine and rent such comparable housing or park site. In any proceeding under subsection 2 k. of P.L. 1974, c. 49 instituted following the expiration of notice required under section 3 g. of P.L. 1974, c. 49, the owner shall prove that a tenant was offered such comparable housing or park site and provided such reasonable *49 opportunity to examine and rent such housing or park site as requested pursuant to this section. The court shall authorize 1-year stays of eviction with reasonable rent increases until such time as the court is satisfied that the tenant has been offered comparable housing or park site and provided a reasonable opportunity to examine and rent such housing or park site as requested pursuant to this section. However, in no case shall more than five such stays be granted.

b. The court shall automatically renew any 1-year stay of eviction in any case where the landlord failed to allege to the court within 1 year of a prior stay that the tenant was offered a reasonable opportunity to examine and rent comparable housing or park site within such prior year.

c. However the court shall not authorize any further stays at any time after one such stay has been authorized when the owner has also provided a tenant with hardship relocation compensation of waiver of payment of 5 months' rent.
As previously noted, the essential controversy is whether the hardship relocation compensation provided in subsection c is an alternative to an offer of comparable housing. Plaintiff contends it is and takes the position that after the first one-year stay, it is entitled to give the tenant moving and hardship relocation expenses in lieu of finding comparable housing  that these are alternative conditions precedent to the execution of a Warrant of Removal. As noted, it is assumed for the purpose of this appeal that plaintiff has not sought comparable housing. Defendant argues that the expenses are additional to the comparable housing, basing his contention on the word "also" which appears in subsection c. In response, plaintiff argues that "also" refers to the first one-year stay  or alternatively refers to the moving expenses provided by N.J.S.A. 2A:18-61.10.
Although we have never passed on the question, we have discussed it. In discussing the operation of N.J.S.A. 2A:18-61.11, we noted:
"[W]hen an action for eviction is filed, the court must authorize up to five one-year stays of eviction with reasonable rent increases until the tenant is offered and provided a reasonable opportunity to examine and rent comparable housing. After the first of these stays is entered, however, the owner may prevent the entry of any further stays by paying the tenant hardship relocation compensation equal to five months' rent. [Plaza Joint Venture v. Atlantic City, 174 N.J. Super. 231, 240 (App.Div. 1980)]
*50 A similar construction has been adopted by the Department of Community Affairs (DCA), the agency directed to oversee the operation of this legislation. N.J.S.A. 2A:18-61.12. The regulation adopted by DCA with respect to these stays provides:
... (b) The court has authority under this act to authorize one year stays of eviction with reasonable rent increases until the court is satisfied that the tenant has been offered comparable housing and a reasonable opportunity to examine and rent such housing.
(c) If, after at least one year stay has been authorized, the owner provides the tenant with a "hardship relocation compensation" which shall consist of a waiver of payment of five months' rent and has demonstrated this to the court, then the court cannot authorize any further stays. A warrant for possession could then issue at the end of the one year stay.

(d) If the owner does not provide the relocation compensation of five months' rent, and fails to within one year stay, allege to the court that the tenant was offered a reasonable opportunity to examine and rent comparable housing, the court shall automatically renew the one year stay.
(e) The court can grant five, one-year stays of [sic] evidence is not provided to the court of a reasonable opportunity to examine and rent comparable housing or of the payment of a hardship relocation compensation of waiver of payment of five months' rent. (Emphasis added.) [N.J.A.C. 5:24-1.7]
The notion the owner may elect between waiving rent or finding comparable housing also finds support in the legislative history. In the Statement to Assembly Bill 3570 (1975), it was stated that no tenant could be removed unless:
(4) The landlord offers to the tenant, at the request of the tenant made within 18 months after receipt of the notice of eviction ... the rental of comparable housing and a reasonable opportunity to examine and rent such housing ... the court shall authorize one-year stays of eviction, with reasonable rent increases, until satisfied that adequate offers have been made and a one-year stay shall be automatic if the landlord fails to allege the making of such offer within the previous year, but no more than five stays shall be granted; provided, however, that no more than one stay may be granted if the owner provides the tenant with hardship relocation compensation in the form of a waiver of payment of five months' rent. Id. at 3 (Emphasis added.)
A plain reading of this statement discloses an intention to treat these as alternative rights.
We are satisfied that the original view we expressed in Plaza was correct. A tenant can remain five years while the owner seeks to find comparable housing or can remain one year to find substitute housing if the owner furnishes moving expenses and hardship relocation expenses.
*51 Defendant's contention that plaintiff's relief is barred by the doctrine of unclean hands is without merit. The relief sought by plaintiff is statutory and not subject to an equitable defense. This is particularly true where the claim upon which this defense is based is that plaintiff has not diligently sought to find comparable housing for defendant. We have already concluded that plaintiff is not required to do so if the tenant has the requisite notice and a stay (a total of at least 2 1/2 years) and is given six months rent  an amount the Legislature considered adequate compensation.
Defendant's remaining contention that the provision is unconstitutional because the owner can elect the hardship relocation compensation option without notice is frivolous. The statute requires "waiver of payment of 5 months rent." N.J.S.A. 2A:18-61.11c. The notion that payment of rent can be waived without the prior knowledge of a tenant is a non sequitur.
The decision of the court below reported at 200 N.J. Super. 129 (Law Div. 1985) is affirmed. The restraint heretofore entered is dissolved.
NOTES
[1] In fairness to plaintiff, we should note that it contends no housing exists which is comparable to this unique high-rise, luxury apartment complex.