An appropriate form of judgment will be submitted.

PYRAMID INVESTMENTS, PLAINTIFF, v. MR. AND MRS. CARLOS LEON, DEFENDANTS.

PYRAMID INVESTMENTS, PLAINTIFF, v. JOANE MEADE, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Bergen County

Decided September 9, 1985.

*Amanda W. Clark,* for plaintiff (*Freint, Jacobs and Bell,* attorneys).

*Richard E. Salkin,* for defendants.

KUECHENMEISTER, J.S.C.

The facts of this case are not in dispute. The landlord had complied with all of the statutory requirements for a condominium conversion except that no comparable housing was offered to the tenants. A judgment for possession, therefore, was stayed from February 1984 to February 1985. On March 15, 1985 (after the stay period) landlord submitted to the tenants hardship relocation funds equal to five months' rent with notice that the tenants could remain until October 1, 1985. On July 8, 1985, plaintiff submitted to defendants a sum of money equal to one month's rent representing moving expense compensation. The issue presented concerns the date on which landlord should be granted possession of the premises.

The defendants'/tenants' position is based on *N.J.S.A.* § 2A:18–61.11(b) which provides:

The Court shall automatically renew any one-year stay of eviction in any case where the landlord failed to allege to the court within one year of a prior stay that the tenant was offered a reasonable opportunity to examine and rent comparable housing or park site within such prior year.

*Id.*

The plaintiff/landlord relies on the wording of *N.J.S.A.* § 2A:18–61.11(c), which provides: "However, the court shall not authorize any further stays at anytime after one such stay has been authorized when the owner has also provided a tenant with hardship relocation compensation of waiver of payment of five months' rent." *Id.* The plaintiff contends that the March payment was sufficient to discharge its obligation under the statute even though comparable housing was not offered during the one-year stay, and that possession should be granted immediately.

However, plaintiff's reading of the statute greatly diminishes the strength of subsection (b). Under plaintiff's reading the stay would no longer be "automatic". While it is clear that subsection (c) alters the method of preventing a subsequent stay, there is no clear indication that the Legislature intended to alter the time period in which to prevent a further stay. The only manner in which to give proper effect to both subsections of the statute is to require that any method of preventing a further stay be accomplished during the prior one-year stay period.

This interpretation of the statute is supported by case law. In the case of *Mountain Management Corp. v. Hinnant,* 200 *N.J.Super.* 129 (Law Div.1984), *aff'd* 201 *N.J.Super.* 45 (App. Div.1985), a tenant questioned, inter alia, the amount of notice required under the statute before an eviction could occur. *Id.* at 136. The Court found:

The words "when the owner has also provided a tenant with hardship relocation compensation of waiver of payment of five months' rent" are capable of only one meaning. Waiver is generally defined as an intentional relinquishment of a known right. To be effective, the waiver of payment ... must be given prior to payment being made of the rent. Thus the *tenant actually receives notice, at*

*least five months prior to the eviction* of the landlord's election. [*Id.* at 136–37; citations omitted; emphasis supplied.]

Under plaintiff's interpretation, hardship relocation could be paid well after the one-year stay had lapsed as long as payment occurred before the Court authorized a further stay. On the facts of this case there was five month's notice. However, nothing in the statute, nor in *Mountain Management*, suggests the use of such a defacto test. In the absence of statutory authorization, this Court cannot establish its own guidelines, which would deviate from the terms of the statute when read as a whole. Plaintiff's interpretation cannot be said to be correct.

Also it should be noted that strictly speaking subsection 61.16(a) and not subsection 61.11(c) should be applied because the rent was not waived but, rather, money was paid as compensation. Subsection 61.16 has clear timing requirements, which were not met in this case. However, the parties have not raised this issue. Defendants have received their just compensation and a considerable amount of time as well. Any further complication of this action on these facts would be injudicious. Furthermore, the Appellate Division apparently has equated the payment of compensation with the waiver of rent. *Plaza Joint Venture v. Atlantic City,* 174 *N.J.Super.* 231, 240 (App.Div. 1980).

In conclusion, on the basis of the relevant statutes and cases, when the one-year stay expired in February of 1985, without the plaintiff alleging that comparable housing had been offered or that compensation had been provided, the automatic one-year stay renewal took effect. Therefore, judgment for possession is stayed until February 1986, at which time landlord may move into possession.

The defendant's counsel shall submit an appropriate Order in accordance with the above within ten days of receipt of this Opinion.