244 N.J. Super. 393 (1990)
582 A.2d 854
DASKEL INVESTORS, INC., PLAINTIFF,
v.
WILLIAM ROSENBLOOM AND MRS. WILLIAM ROSENBLOOM, A/K/A BERNADETTE MURRAY, DEFENDANTS.
Superior Court of New Jersey, Law Division Hudson County.
Decided August 31, 1990.
James G. Lepis for plaintiff.
*394 Sharon Rivenson Mark for Defendants.
HORNSTEIN, J.S.C.
This is a landlord/tenant action.
Application has been made by defendants to stay a warrant of eviction and prevent the lock-out of defendants from their apartment.
The warrant of removal was to be executed on August 8, 1990.
Judgment for possession was entered July 20, 1989 under the provisions of N.J.S.A. 2A:18-61.1k  conversion of the apartment building to condominium status.
Defendants had applied for comparable housing which was not provided. A stay of the warrant of eviction for one year as authorized was granted. The stay ended July 20, 1990.
On August 2, 1990, attorney for the landlord applied to the court for the issuance of a warrant of removal. The warrant was issued.
At the same time as the request for the issuance of the warrant (August 2, 1990), plaintiff's attorney tendered to the court an amount of money by trust account check of a principal of plaintiff-corporation, $2,161.56. This amount was the equivalent of six months' rent for defendant-tenants' apartment.
The offer of payment was refused by the court.
There is no indication that an offer of the six months' rent (five months relocation allowance and one month moving expense) was made to the tenants.
It is, therefore, presumed that no such offer was made and the first time the landlord tendered the money was on August 2, 1990.
Plaintiff claims the offer of the six months' payment is sufficient to prevent any further stays of the warrant of eviction. The contention of the landlord appears to be that the *395 offer can be made at anytime after the first year stay and can be made not necessarily to the tenants.
The defendants contend another one year stay is "automatic" because the offer of the six months' payment was not made by the time the first one year stay expired.
It has been settled that successive stays of the warrant of eviction because the landlord has not provided a tenant in a building converted to condominium status with comparable housing is not necessarily "automatic." The landlord has the alternative to offer the tenant "hardship relocation compensation of waiver of payment of 5 months' rent." N.J.S.A. 2A:18-61.11c; Mountain Management Corp. v. Hinnant, 201 N.J. Super. 45, 50, 492 A.2d 693 (App.Div. 1985).
N.J.S.A. 2A:18-61.11 c reads as follows:
However the court shall not authorize any further stays at any time after one such stay has been authorized when the owner has also provided a tenant with hardship relocation compensation of waiver of payment of 5 months' rent.
The regulation, N.J.A.C. 5:24-1.7(c) states:
If, after at least one year stay has been authorized, the owner provides the tenant with a "hardship relocation compensation" which shall consist of a waiver of payment of five months' rent and has demonstrated this to the court, then the court cannot authorize any further stays. A warrant for possession could then issue at the end of the one year stay.
Both the statute and the regulations state the "hardship relocation compensation" shall consist of "waiver of payment of 5 months' rent." (N.J.S.A. 2A:18-61.11c).
Neither statute nor regulation authorize payment in money of an amount equal to five months' rent.
In the case of Plaza Joint Venture v. Atlantic City, 174 N.J. Super. 231, 416 A.2d 71 (App.Div. 1980), the court considered the validity of ordinances enacted by the City of Atlantic City affecting condominium conversions. In the course of its opinion the court briefly discussed the Anti-Eviction Act (N.J.S.A. 2A:18-61.1 et seq.) as it applied to condominium conversions and comparable housing. The opinion stated at page 240, 416 A.2d 71:

*396 ... The owner is further obligated to offer the tenant comparable rental housing when the tenant so requests within 18 months after receiving notice of eviction. N.J.S.A. 2A:18-61.11. Moreover, when an action for eviction is filed, the court must authorize up to five one-year stays of eviction with reasonable rent increases until the tenant is offered and provided a reasonable opportunity to examine and rent comparable housing. After the first of these stays is entered, however, the owner may prevent the entry of any further stays by paying the tenant hardship relocation compensation equal to five months' rent.
This statement was quoted with approval in Mountain Management, supra 201 N.J. Super. at page 49, 492 A.2d 693.
The statements in Plaza Joint Venture and Mountain Management regarding payment of the "hardship relocation compensation" should not be misconstrued.
In Mountain Management, supra 201 N.J. Super. at page 50, 492 A.2d 693, the court refers to and quotes the statement to Assembly Bill 3570, which became N.J.S.A. 2A:18-61.11:
... but no more than five stays shall be granted; provided, however, that no more than one stay may be granted if the owner provides the tenant with hardship relocation compensation in the form of a waiver of payment of five months' rent.
When the court in Plaza Joint Venture wrote "paying the tenant hardship relocation compensation equal to five months' rent" it could only have meant a waiver of the rent for five months.
To say that a landlord may pay a lump sum of money equal to five months' rent (if comparable housing is not provided) would, in effect be amending the statute and the regulation. This would give the landlord three, instead of two, alternatives:
(1) continue the stay for another year
(2) waiver of five months' rent
(3) payment of money equal to five months' rent
But only the first two alternatives are permitted.
We are not unmindful of the case of Pyramid Investments v. Leon, 212 N.J. Super. 494, 515 A.2d 808 (Law Div. 1985) whereby payment of money was made in lieu of a waiver of rent. The payment was disallowed because proper notice was not *397 given to the tenant. The court did not discuss the validity of the payment instead of waiver of rent.
In that case reference was made to N.J.S.A. 2A:18-61.16a which authorizes a lump sum payment as an alternative when no comparable housing is furnished.
N.J.S.A. 2A:18-61.16 and N.J.S.A. 2A:18-61.18 are part of "An Act concerning grounds for evicting tenants and lessees of certain residential property in certain municipalities." L. 1978, c. 139 (N.J.S.A. 2A:18-61.13 to 61.21).
These provisions are applicable only to Atlantic City housing. They have no bearing on our case.
The Anti-Eviction statute, N.J.S.A. 2A:18-61.1 et seq. is to be liberally construed for the benefit of the tenant to prevent unjustifiable evictions. 447 Associates v. Miranda, 115 N.J. 522, 529, 559 A.2d 1362 (1989); A.P. Development v. Band, 113 N.J. 485, 506, 550 A.2d 1220 (1988). Any doubt in the intent or interpretation of the statute is resolved in favor of the tenant.
And as stated in Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 123 A.2d 674 (1967). "Since jurisdiction of the district court [now Superior Court] to apply the stern remedy of dispossession stems from the statute, courts have always demanded strict compliance with its terms and conditions. Departures therefrom invariably result in dismissal of the action. The burden of showing compliance ... rests heavily upon the landlord."
Both the statute and regulation specify what is "hardship relocation compensation." The language is clear and unmistakable. It is a "waiver of payment of 5 months' rent."
Plaintiff's offer of payment must be rejected. Payment of money instead of waiver of five months' rent is not sanctioned.
Since the landlord did not grant to the tenants the proper hardship relocation compensation, and give the tenants adequate notice of the waiver of rent, the stay of eviction must be *398 continued. The stay is continued for twelve months from July 20, 1990  to July 19, 1991.